United States v. Philbrick                06-CR-035-SM  06/23/08
                    UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                          Criminal No. 06-cr-35-2-SM
                                    Opinion No. 2008 DNH 119
Serjio Philbrick,


                           O R D E R


     Defendant moves to amend his sentence based on the United

States Sentencing Commission's retroactive amendment of the

"crack" cocaine guideline (Amendments 706 and 711), effective

March 3, 2008.


     At sentencing, defendant's total offense level and criminal

history category were properly calculated under the Sentencing

Guidelines to be TOL 25 and CHC I, respectively.  The court then

departed downward two levels upon the government's motion, filed

under U.S.S.G. § 5K1.1, resulting in TOL 23, CHC I, and a range

of 46 to 57 months imprisonment.


     After considering defendant's motion for a sentence

different from that counseled by the Guidelines, and the factors

set out in 18 U.S.C. § 3553(a), the court imposed a sentence of,

inter alia, 37 months imprisonment.  The court's specific reasons

for imposing a non-guideline sentence included, primarily, the following factors. Defendant was young (20) at the time of the offense, had an otherwise clean criminal record, a history of solid employment, and academic and personal achievement. Defendant had also demonstrated significant progress toward rehabilitation and strong rehabilitative potential during the eighteen months from his arrest until sentencing. Defendant, during that time maintained steady employment and strictly complied with the conditions of release. He plainly had a strong family and community support network as well, which also enhanced his prospects for successful rehabilitation. Finally, the court took note of the Sentencing Commission's then-proposed amendment to address what most would agree was an unjustifiable and gross disparity between the treatment of powder and crack cocaine offenses under the Guidelines. The court observed that, while not controlling, the Commission's recognition of that unwarranted disparity supported a <u>Booker</u>[1] sentence as well, particularly "<u>where</u> <u>there</u> <u>are</u> <u>so</u> <u>many</u> <u>other</u> <u>factors</u> <u>that</u>, <u>in</u> <u>combination</u>, <u>would</u> <u>certainly</u> <u>warrant</u> <u>a</u> <u>Booker</u> <u>sentence</u>."

Defendant now seeks the benefit of the retroactive reduction in the crack guideline, in the form of a further reduction of his

---

[1] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

sentence by 20% — representing a reduction from the low end of the newly applicable guideline range occasioned by the retroactive reduction of the crack guideline, that is consistent with the reduction under Booker, from the low end of the originally calculated guideline range. That is, the original calculation should be retroactively reduced from TOL 23/CHC I (46-57 mos.) to TOL 21/CHC I (37-46 mos.), and the sentence previously imposed (37 mos.) should likewise be reduced by about 20% — the amount the bottom of the range has been retroactively lowered.

The amended policy statement issued by the Commission relative to reducing sentences to imprisonment as a result of a retroactively applied amended guideline range, as we have here, provides, in pertinent part, as follows:

> In General. In a case in which a defendant is serving
> a term of imprisonment, and the guidelines range
> applicable to that defendant has subsequently been
> lowered as a result of an amendment to the Guidelines
> Manual listed in subsection (c) below, the court may
> reduce the defendants' term of imprisonment as provided
> by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C.
> § 3582(c)(2), any such reduction in the defendant's
> term of imprisonment shall be consistent with this
> policy statement.

U.S.S.G. § 1B1.10(a)(1).

3

> _Exception_.  If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guidelines range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and _United States v. Booker_, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B).

The government opposes defendant's motion on grounds that the court already took into account the anticipated crack guideline reduction when it fashioned its _Booker_ sentence, so no further reduction is warranted.  Defendant counters that while the court explicitly did take the then-proposed reduction into account, several other factors also animated the decision to impose a _Booker_ sentence, so the full reduction contemplated under the applicable policy statement should obtain.

To the extent the government says no further reduction is warranted because the then-proposed change in the crack guideline was taken into account in fashioning the _Booker_ sentence imposed, it overlooks the fact that the 37 months imposed (under _Booker_) is now equivalent to the bottom of the newly-applicable guideline range.  So, leaving the sentence as is would effectively deprive

4

defendant of the sentence reduction allowed in substantial part on grounds unrelated to the then-proposed crack guideline amendment.

It is not possible to quantify with precision just what mathematical fraction accurately reflects that part of the reduced sentence attributable to the anticipated crack guideline adjustment and what part is attributable to the other factors noted by this court.  Suffice it to say that part of the <u>Booker</u> reduction did relate to the anticipated amendment, but certainly not all, and certainly not none, and not even most.

The sentence imposed under <u>Booker</u> was nine months lower than the bottom of the then-applicable guideline range (37 mos. instead of 46 mos).  Now, TOL 21/ CHC I is the correct recalculated advisory guideline range, which provides for a low end of 37 months imprisonment.  Considering that retroactively adjusted advisory range (which fully accounts for the amendment as a factor in determining a variant sentence), a further reduction is warranted to account for the other § 3553(a) factors upon which the court previously based the variant sentence imposed.  That reduction, the amended policy statement wisely counsels, should generally be "comparably less" than the amended

guideline range when compared to the reduction from the originally calculated guideline range.

## Conclusion

Defendant's motion is granted. An amended judgment shall be entered imposing a sentence of 30 months imprisonment. That sentence constitutes a reduction roughly approximate to the guidelines-counseled reduction, and also reflects the variant or Booker sentence the court would most likely have imposed on June 18, 2007, had the crack guideline amendment been effective and applicable to defendant's case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 23, 2008

cc:  Aixa Maldonado-Quinones, AUSA
     William E. Morse, AUSA
     Jeffrey S. Levin, Esq.
     U.S. Probation
     U.S. Marshal